**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Civil Action No. 24-cv-02310-NYW-STV

CDM INNOVATIONS, LLC d/b/a SALUDI GLASSWARE,

    Plaintiff,

v.

QUALITY HOME DECOR INC. d/b/a BELLA VINO,
NVISION FINANCIAL SOLUTIONS, LLC d/b/a MYRIAD DESIGN CONCEPTS, LLC d/b/a FYNEDYNE,
CHANEIZE MELLITI d/b/a CHANEIZE PARIS,
SHAN XI SHEN LAN JIAN SHEN FU WU YOU XIAN GONG SI d/b/a PHYSKOA GLASSWARE US,
SHAN XI BO DONG KE JI YOU XIAN GONG SI d/b/a PHYSKOA,
SHAN XI JIN SHANG PIN DIAN ZI SHANG WU YOU XIAN GONG SI d/b/a COMFIT DIRECT,
SHAN XI BO YUAN XIN CHENG JIAN ZHU LAO WU YOU XIAN GONG SI d/b/a COLORSAVANT GLASSWARE, and
SUNJIAN d/b/a TROPHYTOAST,

    Defendants.

_____

**ORDER DENYING PLAINTIFF'S *EX PARTE* APPLICATION FOR ENTRY OF TEMPORARY RESTRAINING ORDER AND ORDER RESTRAINING ASSETS WITHOUT PREJUDICE**
_____

    This matter is before the Court on Plaintiff CDM Innovations, LLC d/b/a Saludi Glassware's ("Plaintiff" or "CDM") second *Ex Parte* Motion for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets ("Second *Ex Parte* Motion for TRO"). [Doc. 24]. Plaintiff seeks injunctive relief against Defendants Quality Home Decor, Inc. d/b/a Bella Vino ("Defendant Bella Vino" or "Bella Vino") and Defendant NVision Financial Solutions, LLC d/b/a Myriad Design Concepts, LLC d/b/a Fyndyne ("Defendant FyneDyne" or "FyneDyne"), and the individuals,

1

partnerships, and unincorporated associations identified herein and on Schedule 'A' to the Amended Complaint in this action (collectively "Defendants"). [Doc. 16, filed October 18, 2024; Doc. 16-1]. Plaintiff brings the Motion pursuant to 15 U.S.C. § 1116, Rule 65 of the Federal Rules of Civil Procedure, and the All Writs Act, 28 U.S.C. § 1651(a). [Doc. 24 at 11].

Plaintiff asks the Court to enter a temporary restraining order and an order restraining the financial accounts used by Defendants. [*Id.*]. Because the Court finds that CDM has failed to establish that this Court has personal jurisdiction over any of the Defendants, the Second *Ex Parte* Motion for TRO is respectfully **DENIED without prejudice**. In addition, Plaintiff is **ORDERED to SHOW CAUSE** as to why this action should not be dismissed for lack of personal jurisdiction.

## BACKGROUND

This case stems from a dispute regarding alleged infringement of trademark, product design trade dress, and packaging trade dress. *See* [Doc. 16 at ¶¶ 256–352]. The Court has previously recited the factual background of this case and will not repeat that recitation in this Order. *See* [Doc. 11 at 2–3]. Plaintiff initially filed the case on August 21, 2024, [Doc. 1], and subsequently filed an *Ex Parte* Motion for TRO, [Doc. 9, filed August 27, 2024]. The Court denied the Motion without prejudice on the basis that Plaintiff failed to demonstrate personal jurisdiction over Defendants. *See generally* [Doc. 11]. Plaintiff filed an Amended Complaint and provided additional analysis regarding personal jurisdiction. [Doc. 16 at ¶¶ 48–61]. While Plaintiff's Amended Complaint cites additional case law regarding personal jurisdiction, Plaintiff does not allege any facts that are materially different to those alleged in its original Complaint. *Compare* [Doc. 1 at ¶¶ 48–

2

51] *with* [Doc. 16 at ¶¶ 48–61].

In the instant Second *Ex Parte* Motion for TRO, Plaintiff again seeks a TRO pursuant to 15 U.S.C. § 1116 and Rule 65 of the Federal Rules of Civil Procedure (1) enjoining Defendants from infringing on or unauthorized use of Plaintiff's trademarks and trade dress; and (2) prohibiting the transfer of Seller IDs and assets to other parties, including specifically, funds transmitted through payment processors for the platforms on which Defendants engage in their allegedly illegal activities. [Doc. 24 at 46–50]. It also requests that the Court schedule a hearing for its request for a preliminary injunction prior to the expiration of the TRO and asks that the Court waive the bond requirement. [*Id.* at 51].

## LEGAL STANDARDS

The Court previously addressed the legal standards at issue in this case and incorporates that discussion herein. [Doc. 11 at 4–9]. Most pertinent to this Order is that a court must determine that there is a reasonable probability that it has personal jurisdiction over each of the defendants prior to entering a valid TRO. *See Nat'l Union Fire Ins. Co. of Pittsburgh v. Kozeny*, 19 F. App'x 815, 822 (10th Cir. 2001) (holding that plaintiffs are required to show a "reasonable probability," rather than by "preponderance of the evidence," that they will prevail on the issue of personal jurisdiction when the action is tried on the merits); *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 800 (7th Cir. 2014) ("In order for the district court's preliminary injunction to be valid, that court had to have personal jurisdiction over the defendant."). Plaintiff bears the burden of establishing personal jurisdiction. *XMission, L.C. v. Fluent LLC*, 955 F.3d 833, 839 (10th Cir. 2020).

## ANALYSIS

Plaintiff's Amended Complaint argues that Plaintiff's single purchase of Defendants' allegedly infringing product is sufficient to assert personal jurisdiction over Defendants.  *See* [Doc. 16 at ¶¶ 48–61].  As this Court previously stated in its September 20, 2024 Order, a single sale and shipment of an allegedly infringing product to a *customer* in a forum state may be enough to establish personal jurisdiction.  [Doc. 11 at ¶¶ 13–14].  *But see SEBO Am., LLC v. Red Vacuums LLC*, No. 23-cv-00116-WJM-SBP, 2024 WL 964816, at *5 (D. Colo. Mar. 6, 2024) (concluding that regardless of whether the sale was made to the plaintiff or another individual in the forum jurisdiction, seven orders to Colorado with only one actually shipped was insufficient to establish minimum contacts).  Since the filing of the original Complaint and Motion for *Ex Parte* TRO, Plaintiff has ordered the allegedly infringing products from FyneDyne, Bella Vino, TrophyToast, and "each of the remaining Defendants."  [Doc 16 at ¶ 53; *id.* at 20 n.24].  Plaintiff does not allege that any customer in Colorado, other than Plaintiff, ordered Defendants' products or that Defendants delivered any allegedly infringing products to anyone in Colorado other than Plaintiff.  *See generally* [*id.* at ¶¶ 48–61].  Instead, Plaintiff introduces three additional cases—none of which are binding on this Court.  *See Camreta v. Greene,* 563 U.S. 692, 709 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case."); *Palmer v. Kaiser Found. Hosps. Tech. Risk Off.*, No. 16-cv-02376-WJM-KMT, 2017 WL 4564251, at *2 (D. Colo. Oct. 13, 2017) (observing that the district court was not bound by law from other circuits, including a separate Court of Appeals), *aff'd,* 753 F. App'x 590 (10th Cir. 2018).  This

4

Court will address those cases in turn.  See [*id.* at ¶¶ 51–2].

First, Plaintiff relies on *Alfwear, Inc. v. IBKUL UBHOT Ltd.*, No. 2:21-cv-00698-DBB-JCB, 2022 WL 3705483, at *14 (D. Utah Aug. 26, 2022), to argue that Defendants' use of a website to "reach potential customers" generated a basis for personal jurisdiction. [Doc. 16 at ¶ 50].  However, the court's conclusions in *Alfwear* do not change this Court's analysis.  Unlike in the present case, in *Alfwear*, the defendant had been shipping products to retailers, charging and receiving payment, traveling to the state to visit retailers, developing relationships with retailers in the state, storing customer information, receiving returns and exchanges, and sending marketing information to individuals in the state over a period of three years.  *Alfwear*, 2022 WL 3705483, at *4.  CDM does not allege that Defendants have traveled to Colorado, done business in Colorado, sent marketing information to Colorado (except passively through the Amazon website), or accepted orders from Coloradoans except for the orders Plaintiff himself made.  See [Doc. 16 at ¶¶ 48–61].

Second, Plaintiff relies on *Lizard Skins, LLC v. LZRD Technology, Inc.*, No. 2:23-cv-00801-JNP-DAO, 2024 WL 4226929 (D. Utah Sep. 18, 2024), to argue that Plaintiff's single purchase of Defendants' products is sufficient to justify personal jurisdiction.  [Doc. 16 at ¶ 51].  The court in *Lizard Skins* stated that, "[w]hen a defendant sells even a single infringing product to a forum state customer directly, the customer is instantly harmed, most directly in the forum state.  *Lizard Skins, LLC*, 2024 WL 4226929, at *4.  This in-state harm is foreseeable to the defendant producing, selling, and shipping the infringing products.  *Id.*  "Thus, regardless of any additional factors, the direct sale of a single allegedly infringing product to a forum-state customer supports the conclusion that the

5

defendant purposefully directed its conduct toward the forum state." *Id.* at *4 & n.1 (citing *Bodied By Bella Boutique, LLC v. Bodyed By Bella LLC*, No. 2:21-cv-00693, 2023 WL 4052732, at *5 (D. Utah June 16, 2023)). The Court respectfully disagrees with Plaintiff's reading of *Lizard Skins*. In *Lizard Skins*, the defendant fulfilled 126 online orders to residents of Utah and not one order to the plaintiff in the case. *Id.* at *1. CDM does not allege any facts that demonstrate that Defendants have fulfilled any orders beyond its own. *See* [Doc. 16 at ¶¶ 48–61]. Furthermore, the case the *Lizard Skins* court suggests supports the proposition that a single sale would be sufficient to support specific personal jurisdiction actually never reached the issue:

> All this is to say, Plaintiff has offered evidence that Defendant has a website on which it sells products direct to customers and it in fact sold one purportedly infringing product to Plaintiff's counsel in Utah after this action commenced. The court is aware of the difficult position Plaintiff is in due to the fact that Defendant has not participated in this action; Plaintiff did not have the benefit of Defendant's cooperation in conducting limited discovery for the purposes of personal jurisdiction. It is possible that Defendant makes many sales to Utah residents. However, the only evidence before the court is that one such sale has occurred, and it occurred after this litigation commenced for the sole purpose of establishing personal jurisdiction over Defendant. To find that Defendant has minimum contacts in Utah because of one sale manufactured for the purpose of litigation would mean that a plaintiff could establish minimum contacts in any state for any website through which an individual can purchase an item. Of course, the "arising out of" component will limit the causes of action for which this is sufficient for personal jurisdiction. <u>In any event, the court need not decide whether Plaintiff has satisfied the minimum contacts because it finds that exercising personal jurisdiction would offend traditional notions of fair play and substantial justice</u>.

*Bodied By Bella Boutique, LLC*, 2023 WL 4052732, at *5 (emphasis added).

Third and finally, Plaintiff relies on *Herbal Brands, Inc. v. Photoplaza, Inc.*, 72 F.4th 1085, 1088 (9th Cir. 2023), for the proposition that the purchase of one product can confer jurisdiction. [Doc. 16 at ¶ 52] In *Herbal Brands*, the United States Court of

6

Appeals for the Ninth Circuit ("Ninth Circuit") held that "if a defendant, in its regular course of business, sells a physical product via an interactive website and causes that product to be delivered to the forum, the defendant has purposefully directed its conduct at the forum such that the exercise of personal jurisdiction may be appropriate." 72 F.4th at 1088. However, in the instant case, Plaintiff himself purchased the products, which is not in the "regular course of business." *See* [Doc 16 at ¶ 53*; id.* at 20 n.24].

The United States Court of Appeals for the Tenth Circuit has not passed on the precise issue of whether a single sale by a plaintiff or its agent can constitute "purposeful availment" to form the basis for personal jurisdiction. As recognized by the *Herbal Brands* court, different federal courts of appeal have reached opposite conclusions about the question:

> Other circuits have reached different conclusions regarding whether sales to a plaintiff or its agents can be a source of jurisdiction. *Compare NBA Props.*, 46 F.4th at 625, 627 (holding that a single sale to an agent of the plaintiff can create personal jurisdiction), *with Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 454–55 (3d Cir. 2003) (holding that two sales initiated by the plaintiff cannot establish personal jurisdiction). Depending on the particular facts of a future case, jurisdiction might not exist if a plaintiff purchased a product solely in an attempt to manufacture jurisdiction.

*Herbal Brands,* 72 F.4th at 1097.

Numerous district courts, including within the District of Colorado, have found that when a plaintiff or its agents purchase a product from a defendant, such a sale cannot be considered to create personal jurisdiction, because a plaintiff cannot unilaterally manufacture jurisdiction by purchasing a purportedly offending product. *RE/MAX, LLC v. Shenzhen Remax Co.*, No. 15-cv-02496-REB-SKC, 2019 WL 1081039, at *3 (D. Colo. Jan. 18, 2019) (quoting *Boppy Co. v. Luvee Prods. Corp.*, No. 04-cv-00320-MK-OES, 2004 WL 2608265, at *5 (D. Colo. May 25, 2004), *report and recommendation adopted*

*by* 2019 WL 1437620 (D. Colo. Feb. 27, 2019); *Medinfo, Inc. v. MedTool LLC*, No. 15-cv-00260-MEH, 2015 WL 3542712, at *3 (D. Colo. June 5, 2015) (concluding that one sale to the forum jurisdiction to plaintiff's counsel, along with the alleged infringer's maintenance of an interactive website, cannot suffice for personal jurisdiction); *Sys. Designs, Inc. v. New Customware Co.*, 248 F. Supp. 2d 1093, 1101–02 (D. Utah 2003) (recognizing the concern that if a sale or transaction alone is the standard for jurisdiction, a plaintiff could simply purchase a product online and essentially manufacture jurisdiction). *But see Otter Prods., LLC v. Big Birds, LLC*, No. 19-cv-00626-DME-KLM, 2019 WL 13102793, at *1–2 (D. Colo. Aug. 9, 2019) (concluding that defendant's completion of over fifty sales over a three-month period was sufficient to establish personal jurisdiction and stating that even if the plaintiff made the fifty purchases, the defendants still "voluntarily and knowingly" made the sales and the sales "cannot be said to be the result of Otter's unilateral actions").

The Tenth Circuit "requir[es] a particular focus by the defendant on the forum [s]tate to satisfy the purposeful-direction requirement." *XMission, L.C.*, 955 F.3d at 840.[1] As is pertinent here, the Tenth Circuit has concluded that if "a person's act of placing information on the [i]nternet subjects that person to personal jurisdiction in each [s]tate in which the information is accessed, then the defense of personal jurisdiction, in the

---

[1] The Tenth Circuit has employed two frameworks to determine whether a defendant has purposefully directed activities in the forum state:  the harmful effects framework and the market exploitation framework.  *XMission, L.C.*, 955 F.3d at 841.  The Court's ultimate conclusion does not change regardless of which framework applies.  Plaintiff has not presented any evidence to demonstrate that Defendant's intentional conduct targeted Colorado and or had substantial harmful effects in Colorado, *id.*, nor that Defendant has a high sales volume, large customer base, or large revenues in Colorado, *see Meany v. Atomic Protocol Sys. OÜ*, No. 23-cv-01582-PAB-MEH, 2024 WL 4135762, at *6 (D. Colo. Sept. 10, 2024).  *See generally* [Doc. 16].

sense that a [s]tate has geographically limited judicial power, would no longer exist." *Shrader v. Biddinger*, 633 F.3d 1235, 1240 (10th Cir. 2011). Instead of merely placing information or an object for sale on the internet, a defendant must have "'deliberately . . . engaged in significant activities within' the forum [s]tate or deliberately directed its activities at the forum [s]tate, so that it has 'manifestly availed [itself] of the privilege of conducting business there.'" *XMission, L.C.,* 955 F.3d at 840 (quoting *Old Republic Ins. Co. v. Cont'l Motors, Inc.,* 877 F.3d 895, 905 (10th Cir. 2017)). Jurisdiction must not be based on "random, fortuitous, or attenuated contacts," or the "unilateral activity of another party or a third person." *Id.* (quoting *AST Sports Sci., Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054, 1058 (10th Cir. 2008)).

In the instant case, Plaintiff's singular purchase without further evidence of Defendant's purposeful direction is not enough to justify personal jurisdiction. Indeed, though the Court acknowledges that Plaintiff may be in a difficult position due to the location and/or business practices of Defendants, this Court joins others that question whether it can or should consider the orders placed by Plaintiff's agents, given the possibility that resourceful plaintiffs may simply manufacture personal jurisdiction in any forum. *See SEBO Am., LLC v. Mega Mart Warehouse LLC,* No. 22-cv-02898-PAB-KAS, 2024 WL 1257534, at *6 & n.4 (D. Colo. Mar. 25, 2024). But even if the Court may consider orders made and directed to Colorado by a plaintiff and/or its agents, a single purchase directed at Colorado, without more, is simply insufficient. *See SEBO Am., LLC*, 2024 WL 964816, at *3–4.

Based on the record before it, this Court cannot find that there is a reasonable probability that it has personal jurisdiction over any of the Defendants in this action, and

thus, the instant Second *Ex Parte* Motion for TRO is respectfully **DENIED**. *See Your True Nature, Inc. v. JF Show Store*, No. 23-cv-00107-CNS, 2023 WL 315325, at *1 (D. Colo. Jan. 19, 2023) (denying motion for TRO where it could not conclude that there was personal jurisdiction).

## CONCLUSION

For the reasons set forth herein, **IT IS ORDERED** that:

(1) Plaintiff CDM Innovations, LLC d/b/a Saludi Glassware's *Ex Parte* Motion for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets [Doc. 24] is **DENIED without prejudice**; and

(2) Plaintiff CDM Innovations, LLC d/b/a/ Saludi Glassware must **SHOW CAUSE** as to why this action should not be dismissed for lack of personal jurisdiction no later than June 4, 2025. **Failure to respond to the Order to Show will lead to dismissal of this action without further notice by the Court.**

DATED: May 22, 2025                                BY THE COURT:

_____
Nina Y. Wang
United States District Judge